1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OUT FIT 7 LIMITED ET AL.,

      Plaintiffs,

  v.

NANJING 00003D INFORMATION
TECHNOLOGY, CO, LTD,

      Defendant.

_____/

No. C 13-00050 CRB

**ORDER GRANTING MOTION FOR
ALTERNATIVE SERVICE**

     Plaintiffs Out Fit 7 Limited and Out Fit 7, Inc. have filed an Administrative Motion for Alternative Service and Adjournment of the August 16 Court Conference.  For the reasons below, the motion is hereby GRANTED.

     Plaintiffs are the owners of copyrights and trademarks pertaining to the TALKING TOM and TALKING FRIENDS characters and software applications–commonly abbreviated "apps"–for various mobile platforms.  See generally Compl. (dkt. 1).  "Talking Tom" is a program that creates a graphical representation of an anthropomorphic cat who will, for example, upon touch or audio cues, "play the cymbals" or "repeat everything you say in a silly voice."  Id. ¶ 45.  Plaintiffs have produced both a "Talking Tom" program and a "Talking Tom 2" program.  Id. ¶ 40.  "Talking Friends" includes other characters such as Ginger, Angela (both cats), Pierre (a parrot) and Santa (a human), each of whom appears in one or more programs.  Id. ¶ 56.

Defendant has produced the "Talking Tom 3" and "Talking Tom 4" programs, which also star an anthropomorphic cat.  Defendant markets them as part of the "Talking Family."  Id. ¶¶ 46, 55.  Plaintiffs allege that by doing so, Defendant infringed Plaintiffs' trademarks and copyrights.  See generally id.

Plaintiffs filed this suit on January 4, 2013.  See dkt. 1. Plaintiffs attempted to serve Defendant under the Hague Convention, using documents translated into Chinese, Fedman Decl. ¶¶ 13-14 & Ex. B, but were unsuccessful because Defendant moved without leaving a forwarding address, id. Ex. G.  Plaintiffs' counsel also sent Defendant the documents via international mail, and e-mailed Defendant the documents and a request for waiver of service under Rule 4(d)(1).  Id. ¶ 3.

Defendant responded to the e-mail, resulting in extensive further correspondence between Plaintiffs' counsel and representatives of Defendant, including someone identifying herself as Defendant's in-house legal counsel.  See Id. ¶¶ 4-9, Exs. B-F.  Plaintiffs' counsel also discussed the lawsuit with Defendant's in-house counsel and CEO via telephone conference. Id. ¶ 5.  Defendant's communications made clear that its leadership has actually received the documents and has notice of this suit.  See id.  Despite some early indications that it would consider waiving service, Defendant ultimately refused to execute the waiver.  See dkt. 9-3.

A district court may authorize service on a foreign party by "any other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).  The court has the discretion to craft alternate means of service, particularly when a defendant is trying to evade service.  Rio Props, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).  The Ninth Circuit has approved of e-mail as a viable means of effecting service on a foreign party.  Id.

Plaintiffs here have diligently, patiently, and unsuccessfully attempted service through formal international process, but failed because Defendant has made it unusually difficult to locate its physical address.  The correspondence between the parties makes clear that Plaintiffs have identified e-mail addresses used by Defendant that are regularly monitored by its leadership and in-house legal personnel.  Consequently, the Court finds that service upon

United States District Court
For the Northern District of California

1 Defendant by e-mail would be reasonable under the circumstances of this case and would

2 satisfy the requirements of due process.

3      For the foregoing reasons, Plaintiffs' motion is GRANTED.

4      The Court ORDERS Plaintiffs to serve a copy of the summons and complaint upon

5 Defendant at the following e-mail addresses within 10 days of this order and that this will be

6 deemed proper service under Federal Rule of Civil Procedure 4(f)(3).

7      Kate.liu@oooo3d.com

8      Michael@oooo3d.com

9      appstore@oooo3d.com

10      abey.lv@oooo3d.com

11      frank.dai@oooo3d.com

12      Plaintiffs are further ORDERED to file proof of valid e-mail transmission with the

13 Court.

14      The Case Management Conference currently scheduled for August 16, 2013 is hereby

15 VACATED.

16      **IT IS SO ORDERED.**

17

18

19 Dated: July 29, 2013                _____

20                       CHARLES  R. BREYER
                      UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28